UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                    :

UNITED STATES OF AMERICA,            :

                                    :

          -v-                    :         17-CR-249 (PAE)

                                    :

ARNOLD ROBINSON,               :         OPINION & ORDER

                     Defendant.      :

                                    :

-------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

Defendant Arnold Robinson is charged with one count of possession of crack cocaine with intent to distribute it in violation of 28 U.S.C. §§ 812, 841(a), 841(b)(1)(C). The charges arise out of a car stop and ensuing protective search of Robinson's person, on which were found, *inter alia*, a golf-ball-sized rock of crack cocaine weighing approximately 18 grams and some $1,245 in U.S. currency. Trial is scheduled for October 10, 2017. Prior to trial, the Government disclosed its intention to offer into evidence Robinson's prior convictions for distribution of crack cocaine, to rebut Robinson's announced trial defense that, while he knowingly possessed the crack cocaine, he did so intending personal use, not distribution. Robinson thereafter moved *in limine* to preclude these prior convictions. In a conference held October 2, 2017, the Court resolved the various pending motions *in limine*, including, as relevant here, ruling that Robinson's prior convictions were inadmissible under Federal Rule of Evidence 404(b). The Court issues this opinion, which explains that ruling, in the hope that a published decision on this point will assist future courts and litigants.

## I.    Background

Robinson is charged in a one-count Indictment, which alleges that he possessed with intent to distribute an 18-gram rock of crack cocaine that was found in his coat pocket after a lawful traffic stop in the Bronx on the night of February 1, 2017. Robinson had been traveling with two others by car. The three were removed from the car after officers observed several switchblades in plain view in the car. The crack cocaine and cash (composed largely of $20 and $50 bills) were found on Robinson's person during an ensuing pat-down of his person. In a bench decision issued on June 26, 2017, following a suppression hearing, the Court upheld as lawful the traffic stop and ensuing searches. *See* Dkt. 16.

Robinson has committed, prior to trial, that his defense at trial will exclusively be that he possessed the crack solely for purposes of personal use. To rebut this defense and to support its contrary claim that Robinson possessed the crack with intent to distribute, the Government seeks to introduce evidence of four prior incidents related to Robinson's possession of crack cocaine, each of which resulted in a guilty plea. In chronological order, these are: (1) a 1999 incident in which Robinson sold crack cocaine to an undercover officer; Robinson later pled guilty to criminal sale of a controlled substance; (2) a 2004 incident in which Robinson and another person sold crack cocaine to an undercover officer; Robinson later pled guilty to criminal sale of a controlled substance; (3) a 2012 incident in which Robinson sold crack cocaine; he later pled guilty to criminal sale of a controlled substance; and (4) a 2013 incident in which Robinson was arrested in possession of three small rocks of crack cocaine; he later pled guilty to criminal possession of a controlled substance. The Government argues, but the defense disputes, that these are properly received under Rule 404(b).

## II.     Applicable Legal Standards

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 257–58 (S.D.N.Y. 2015) (internal quotation omitted). Evidence should not be excluded on a motion *in limine* unless it is "clearly inadmissible on all potential grounds." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996) (internal quotation omitted). A court's ruling on such a motion is "subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in [a party's] proffer." *Luce v. United States,* 469 U.S. 38, 41 (1984).

The Rule relevant to the motion *in limine* here, Rule 404(b), provides that:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

Fed. R. Evid. 404(b)(1). The Rule provides, however, that such evidence "may be admissible" —for purposes other than a character trait or criminal propensity—to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," provided the probative value of such evidence is not outweighed by the risk of unfair prejudice. *See* Fed. R. Evid. 404(b)(2); *United States v. Ortiz*, 857 F.2d 900, 903 (2d Cir. 1988). The Second Circuit takes an "inclusionary approach" to Rule 404(b), under which evidence of crimes, wrongs, and bad acts may be received "for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403." *See, e.g.*, *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) (internal quotation omitted). Evidence offered for a permissible purpose, however, is nevertheless inadmissible "if the other act or acts are not sufficiently similar to the conduct at

issue." *United States v. Gordon*, 987 F.2d 902, 909 (2d Cir. 1993) (quoting *United States v. Afjehi*, 869 F.2d 670, 674 (2d. Cir. 1989)).

A final important background principle is that, for evidence to be received under Rule 404(b), it must relate to an issue in dispute. Evidence of a prior wrong may not be received to prove an issue "if that issue has been removed from the dispute," *United States v. Tarricone*, 996 F.2d 1414, 1421 (2d Cir. 1993), and it is error to admit such evidence for that purpose, *see, e.g., United States v. Scott*, 677 F.3d 72, 83 (2d Cir. 2012) (finding abuse of discretion under Rule 404(b) in admitting evidence to show identity where identity was not in dispute). Thus, "a defendant may forestall the admission of other act evidence . . . by 'express[ing] a decision not to dispute that issue with sufficient clarity. . . .'" *Tarricone*, 996 F.2d at 1421 (quoting *United States v. Figueroa*, 618 F.2d 934, 942 (2d. Cir. 1980)).

## III.    Analysis

To determine whether the evidence of Robinson's prior crack sales is admissible requires the Court, first, to determine whether this evidence is offered for a proper (*i.e.*, non-propensity) purpose; second, to determine whether these sales are sufficiently similar to the conduct at issue here (Robinson's crack possession on February 1, 2017) to properly establish that purpose; and, if so, third, whether the probative value of this evidence is substantially outweighed by the risk of unfair prejudice.

Because Robinson has conceded his knowing possession of the 18-gram crack cocaine ball on February 1, 2017 and limited his trial defense to whether he possessed that crack with intent to distribute it as opposed to for personal use, such intent is the only valid purpose for which the 1999, 2004, 2012, and 2013 crack offenses could be received under Rule 404(b). The issue then becomes whether these prior crack offenses are sufficiently similar to the alleged

February 1, 2017, incident, because "[i]t is an abuse of discretion for the trial court to admit other-act evidence 'if the other act or acts are not sufficiently similar to the conduct at issue.'" *Gordon*, 987 F.2d at 909.

The Second Circuit's decision in *United States v. Garcia*, 291 F.3d 127 (2d Cir. 2002) all but compels the conclusion that Robinson's prior crack offenses are insufficiently similar to his current offense, such that receiving them at trial would be an abuse of discretion. In *Garcia*, the defendant was charged with distribution and possession with intent to distribute cocaine. The district court admitted evidence of Garcia's prior conviction for selling cocaine. Reversing the conviction, the Circuit held that it had been an abuse of discretion to admit such evidence. The Circuit explained that, where the prosecution seeks to introduce 404(b) evidence for a relevant, disputed issue, it:

> still must establish the relevance of the evidence to the issue in dispute. The government may not invoke Rule 404(b) and proceed to offer, carte blanche, any prior act of the defendant in the same category of crime. The government must identify a similarity or connection between the two acts that makes the prior act relevant to establishing knowledge of the current act.

*Id.* at 137. Without some showing of a "similarity or some connection between the prior and current acts, then evidence of the prior act is not relevant to show knowledge and intent." *Id.* That is because, "[w]ithout a connection between the two acts, the prior act is not relevant or probative and is inadmissible." *Id.* at 138. By that standard, the Circuit held, Garcia's earlier cocaine sale was inadmissible, for "[t]he only similarity between the two drug transactions, which [are] twelve years separated, is that both involved cocaine." *Id.*

The same is so here. The only similarities identified between Robinson's four prior narcotics offenses and his conduct on February 1, 2017, is that each involved crack. And the three offenses in which possession with intent to distribute was established—that is, those in

1999, 2004, and 2012—occurred long ago, some 18, 13, and 5 years, respectively, before February 2017. As in *Garcia*, "[t]he length of time between the events . . . detract[s] from any potential probative value of the prior conviction." *Id.* As for the 2013 incident, it is the closest in time to February 2017, but it still occurred some four years earlier, and, in any event, it by definition has no bearing on the intent issue here: Robinson there pled guilty only to possession, not intent to distribute, crack cocaine, and thus neither his plea allocution to that offense nor the certified judgment in that case would speak at all to the intent issue here.

The Government points to ostensible common features between Robinson's three crack distribution offenses and his conduct in February 2017, but the shared features it identifies are too trifling to be revealing. The Government notes that the 1999 and 2004 sales also involved "cash and a late hour"; that the 2004 and 2012 sales also "include[d] the presence [of] others"; and that the 1999 sale also took place in the Bronx. Dkt. 47 at 11. These quotidian and highly generalized commonalities are a far cry from demonstrating a substantial similarity between Robinson's earlier crack sales and the circumstances of his February 1, 2017 crack possession.[1] And there is a major dissimilarity: Unlike the three prior incidents, each of which involved or appear to have involved a transaction with another person, Robinson's conduct in 2017 did not involve an actual or attempted sale or exchange. It instead involved his possession of lump of crack while in transit in a car. And the Government has proffered no evidence that the persons with Robinson in the car—unlike the counterparties to his earlier crack sales—were even aware that Robinson possessed crack.

---

[1] Even had all three similarities on which the Government seizes been present in a single prior episode, the combination would be too commonplace to support a claim of substantial similarity. The possession of cash late at night in the presence of others is a phenomenon often observed in the Bronx on the part of thousands of persons at once – fans leaving Yankee Stadium.

The Sixth Circuit's decision in *United States v. Bell*, 516 F.3d 432 (6th Cir. 2008), reinforces the conclusion that Robinson's dated crack distribution offenses, without a showing of similar features to his charged conduct, are inadmissible under Rule 404(b). The crime charged in *Bell* involved narcotics distribution in 2004. The Sixth Circuit held that it had been error to admit evidence in the form of certified judgments of prior distribution offenses—two committed in 1997 and another two in 1999. Such evidence of prior crimes, the Sixth Circuit held, was not relevant to establish intent in the absence of similar features to the charged offense. In analysis tracking that of the Second Circuit in *Garcia*, the Sixth Circuit explained that prior possession-with-intent-to-distribute offenses are only "probative of present intent to possess and distribute when the prior distributions were part of the same scheme or involved a similar *modus operandi* as the present offense." *Id.* at 443. Absent such similarities, "the fact that a defendant has intended to possess and distribute drugs in the past does not logically compel the conclusion that he presently intends to possess and distribute drugs." *Id.* at 443–44. As the Sixth Circuit put the point: "[A] person may be a distributor of drugs on one occasion, and a mere user on another." *Id.* at 444. Putting the analysis in Rule 404(b) terms, the Sixth Circuit explained, "to reach the conclusion that the person currently has the intent to possess and distribute based solely on evidence of *unrelated* prior convictions for drug distribution" requires "employing the very kind of reasoning—*i.e.,* once a drug dealer, always a drug dealer—which 404(b) excludes." *Id.* Because Bell's earlier offenses (although involving the same types of drugs, marijuana and cocaine) had occurred several years earlier and "were not alleged to be part of the same scheme to distribute drugs or to involve a similar *modus operandi,*" the Sixth Circuit held them inadmissible. *Id.* The reasoning in *Bell* has obvious resonance here, insofar as Robinson's prior convictions are as or more distant from the crime charged as those at issue in *Bell*, and insofar as

those convictions are not alleged to involve a similar *modus operandi* to Robinson's 2017 conduct.

The strongest support for admission of the prior-offense evidence here comes from an out-of-circuit case involving the use of evidence of prior distribution offenses to establish that a defendant's later act of drug possession was with intent to distribute. In *United States v. Douglas*, 482 F.3d 591, 596 (D.C. Cir. 2007), the District of Columbia Circuit upheld the admission of evidence that the defendant had previously possessed and distributed crack cocaine to prove that the defendant intended to distribute the crack cocaine he was found possessing. But *Douglas* is distinguishable in that the record disclosed significant similarities between the past and present conduct, including close proximity in place and time. *See id.* at 593–94 (prior sales occurred one year prior to and within a few blocks of the present conduct); *id.* at 601 (emphasizing similarities between the two episodes).

In this case, by contrast, there are no consequential similarities alleged. It is not alleged, for example, that Robinson's 2017 act of crack possession occurred in the same or nearby location to his prior crack offenses, that it involved a common confederate or confederates, that it involved a common *modus operandi*, or that it was even remotely close in time. The common feature across the cases is no more and no less than that Robinson, then and now, possessed crack.

The Rule 404(b) cases on which the Government relied in pursuing admission of Robinson's prior convictions are similarly inapposite. In each, evidence of prior narcotics offenses was admissible in light of distinct similarities (including common confederates) to the crime charged. For example, in *United States v. Pitre*, 960 F.2d 1112 (2d Cir. 1992), upon which the Government relies, the Circuit upheld the admission of evidence that members of a

conspiracy had previously conspired to traffic in heroin, to rebut defendants' argument that these same individuals were unaware of the conspiracy's purpose on the occasion at issue. *See id.* at 1119–20. Similarly, in *United States v. Zackson*, 12 F.3d 1178 (2d Cir. 1993), the Circuit upheld the admission of evidence that the defendant had previously conspired with a particular associate to distribute narcotics because this evidence served to counter the defendant's argument that he merely had an "innocent association" with that associate. *Id.* at 1182. And, in *United States v. Aminy*, 15 F.3d 258 (2d Cir. 1994), the Circuit upheld the admission of evidence that the defendant was in possession of a small quantity of heroin, along with expert testimony to the effect that the small quantity was consistent with samples given to dealers, to allow the Government to rebut the defendant's argument that he was unaware that an attaché case he received contained a much larger quantity of heroin. *Id.* at 260.

These cases cannot be read to support the proposition necessary to support admission of the prior drug crimes here: That a defendant's prior distribution offenses, without any meaningful link to the charged offense, may be received to prove that a later act of possession was with intent to distribute. This case is instead controlled by *Garcia*, which holds that to admit past possession-with-intent-to-distribute offenses to prove intent to distribute at a later time, a district court must find sufficient similarities between the past and present offenses. There are no such similarities here.

## CONCLUSION

The Court therefore excludes all four of Robinson's prior crack offenses as inadmissible under Rule 404(b) to prove his intent in possessing crack cocaine on February 1, 2017.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: October 5, 2017
       New York, New York